UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| LISA RENIA CYPRESS,<br>        Plaintiff,<br><br>        v.<br><br>PNC BANK, N.A., *et al.*,<br>        Defendants. | )<br>)<br>)<br>)    Civil Action No. 2:21cv373<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

Plaintiff Lisa Renia Cypress ("Plaintiff"), appearing *pro se*, filed this action against Defendants PNC Bank, N.A. ("PNC") and Northampton County Board of Supervisors (the "Board") (collectively "Defendants"). Am. Compl., ECF No. 13. This matter is before the Court on (i) the Board's Motions to Dismiss, ECF Nos. 10, 14, 16, and 18; (ii) PNC's Motion to Dismiss, ECF No. 20; (iii) Plaintiff's Motion for Permission to File Electronically, ECF No. 22; and (iv) Plaintiff's Motions for Leave to Amend, ECF Nos. 25 and 35.

For the reasons set forth below, Plaintiff's Motion for Permission to File Electronically, ECF No. 22, will be DENIED. Additionally, Plaintiff will be ORDERED to file a Second Amended Complaint, pursuant to the instructions set forth herein, within thirty days. As a result, the other pending motions in this action, ECF Nos. 10, 14, 16, 18, 20, 25, and 35, will be DISMISSED as moot.

**I.   PROCEDRUAL AND FACTUAL BACKGROUND**

On July 7, 2021, Plaintiff paid the requisite fees and filed an initial Complaint against Defendants. Compl., ECF No. 1. The Board moved to dismiss Plaintiff's Complaint on July 28, 2021. Board's Mot. Dismiss, ECF No. 10. On August 16, 2021, Plaintiff filed an Amended

Complaint as a matter of course pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure. Am. Compl., ECF No. 13; *see* Fed. R. Civ. P. 15(a)(1). On August 18, 2021, the Board filed three separate dismissal motions that sought the dismissal of Plaintiff's' Amended Complaint on various grounds. Board's Mots. Dismiss, ECF Nos. 14, 16, 18. On August 26, 2021, PNC filed a Motion to Dismiss. PNC's Mot. Dismiss, ECF No. 20. Thereafter, Plaintiff filed a Motion for Permission to File Electronically and two Motions for Leave to Amend. Mot. Permission File Electronically, ECF No. 22; Mots. Leave Amend, ECF Nos. 25, 35. All pending motions are ripe for adjudication.

## II. PLAINTIFF'S MOTION FOR PERMISSION TO FILE ELECTRONICALLY

Plaintiff filed a Motion for Permission to File Electronically, in which Plaintiff asks the Court to allow her to file documents electronically in this matter. Mot. Permission File Electronically at 1-3, ECF No. 22. As explained in the Court's Pro Se Reference Handbook, although *pro se* litigants in this Court "have the option to *receive* documents in their cases electronically," they are "prohibited from *filing* documents electronically and are not issued ECF filing log ins and passwords." *See* Pro Se Reference Handbook at 7, https://www.vaed.uscourts.gov/sites/vaed/files/EDVACOMPLETEforProSeHandbook_12-01-2020.pdf (last visited Feb. 7, 2022) (emphasis added). Accordingly, Plaintiff's Motion for Permission to File Electronically, ECF No. 22, will be DENIED.

## III. PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND AND DEFENDANTS' DISMISSAL MOTIONS

On September 9, 2021, Plaintiff filed a Motion for Leave to Amend and attached thereto a proposed Second Amended Complaint. Mot. Leave Amend, ECF No. 25; Proposed Second Am. Compl., ECF No. 25-1. In support of her motion, Plaintiff stated that her Amended Complaint contained three pages that Plaintiff "had no knowledge of" and were never intended to be included

in the Amended Complaint. Mot. Leave Amend at 2. Plaintiff further stated that her proposed Second Amended Complaint alleged "new facts," "would not prejudice the Defendants," and was "not offered in bad faith." *Id*. at 3.

On December 17, 2021, Plaintiff filed another Motion for Leave to Amend. Mot. Leave Amend, ECF No. 35. Although the Court had not yet ruled on Plaintiff's prior motion and had not authorized the filing of Plaintiff's Second Amended Complaint, Plaintiff's newest motion sought leave to file a Third Amended Complaint. *Id*. at 1-5. Along with her Motion for Leave to Amend, Plaintiff filed a 186-page submission on December 17, 2021 ("Submission"), which appears to contain, among other items, Plaintiff's proposed Third Amended Complaint. Submission, ECF No. 36.

Upon review, it is unclear to the Court which precise documents Plaintiff intends to utilize as the operative complaint in this action. Thus, the Court will not authorize the filing of either proposed amendment that Plaintiff has submitted to the Court. However, in deference to Plaintiff's *pro se* status, the Court will provide Plaintiff with an opportunity to file a Second Amended Complaint in this action. Plaintiff will be ORDERED to file a Second Amended Complaint within thirty days. Plaintiff is ADVISED that the Second Amended Complaint will become the operative complaint in this action. As such, the Second Amended Complaint must:

(i) be clearly labeled as Plaintiff's Second Amended Complaint;

(ii) clearly identify all intended Defendants;

(iii) clearly state, with specificity, every claim that Plaintiff intends to assert against each Defendant; and

(iv) clearly set forth all factual allegations upon which each asserted claim is based.

Because the Court will *sua sponte* ORDER Plaintiff to file a Second Amended Complaint pursuant to the instructions set forth above, Plaintiff's Motions for Leave to Amend, ECF Nos. 25 and 35, will be DISMISSED as moot.

An amended complaint supersedes a prior complaint and renders it of no legal effect. *See Young v. City of Mt. Rainier*, 238 F.3d 567, 572 (4th Cir. 2001). Because Plaintiff's Second Amended Complaint will become the operative complaint in this action, Defendants' pending dismissal motions—which seek the dismissal of Plaintiff's prior complaints—will be rendered moot. Accordingly, Defendants' pending dismissal motions, ECF Nos. 10, 14, 16, 18, and 20, will be DISMISSED as moot.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Permission to File Electronically, ECF No. 22, will be DENIED. Additionally, Plaintiff will be ORDERED to file a Second Amended Complaint, pursuant to the instructions set forth herein, within thirty days. As a result, the other pending motions in this action, ECF Nos. 10, 14, 16, 18, 20, 25, and 35, will be DISMISSED as moot.

An appropriate Order shall issue.

/s/ Roderick C. Young  
Roderick C. Young  
United States District Judge

Richmond, Virginia  
February 7, 2022